2022-AC01611

Electronically Filed - City of St. Louis - February 03, 2020 - 03:39 PM

### IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
### STATE OF MISSOURI
### ASSOCIATE DIVISION

| | |
|---|---|
| RONALD HENRY,<br><br>    Plaintiff,<br><br>v.<br><br>LAW OFFICES OF ROBERT A. SCHUERGER CO., LPA,<br><br>Serve at:<br>Registered Agent, Robert A. Schuerger<br>81 South Fifth Street, Ste 400<br>Columbus, OH 43215-4323<br><br>    Defendant. | Cause No<br><br>Division<br><br><br><br>**JURY TRIAL DEMANDED** |

### PETITION

COMES NOW Plaintiff Ronald Henry ("Plaintiff"), by and through his undersigned counsel, and for his petition states as follows:

### INTRODUCTION

1. This is an action for actual and statutory damages brought to the Court by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION

3. This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d), as Defendant's collection activity was directed to Plaintiff, who is a resident of Missouri.


EXHIBIT A

Plaintiff suffered the harms described herein in Missouri. Venue is also proper in the City of St. Louis for this reason.

## PARTIES

4. Plaintiff is a natural person currently residing in St. Louis, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

5. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. Specifically, the alleged debt arose from an unpaid account with the University of Missouri-St. Louis ("UMSL").

6. Plaintiff has a bona-fide dispute as to the amount of the debt. While Plaintiff had an unpaid account with UMSL, the balance being collected of $6,505.50 is not due and owing because Plaintiff's UMSL debt was included in his bankruptcy and discharged in his bankruptcy. *See* Exhibit 1 and Exhibit 2. Plaintiff's debt with UMSL does not meet the definition of a "education loan." *See* 11 USC 523(a)(8)(A) or (B). Plaintiff's balance is only a debt, and not a loan, because no funds changed hands and there was no agreement prior to the transfer of educational services. *See* In re Olivier, 499 B.R. 617 (Bankr. S.D. Ind., 2013).

7. Furthermore, the debt, if it somehow survived bankruptcy, is beyond the statute of limitations because the account for tuition is far more than five years past the date of first delinquency.

8. Defendant Law Offices of Robert A. Schuerger Co., LPA ("Defendant") is a corporation with its principal place of business located outside the state of Missouri.

9. The principal business purpose of Defendant is the collection of debts nationwide; Defendant regularly attempts to collect debts alleged to be due to another entity.

Electronically Filed - City of St. Louis - February 03, 2020 - 03:39 PM

10. Defendant is engaged in the collection of debts from consumers through means of using mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6).

## FACTS

11. Defendant's collection activity, of which Plaintiff disputes, occurred within the previous twelve (12) months.

12. On January 21, 2020, Defendant attempted to collect the alleged consumer debt from Plaintiff via mail by sending its initial collection letter to Plaintiff. Plaintiff received this initial collection letter on or about January 27, 2020, which stated a balance of $6,505.50 but contained no due date for payment.

13. The letter further explained that Plaintiff had thirty days to dispute the debt, and it instructed Plaintiff to contact Defendant.

14. The letter deceptively failed to indicate the debt was beyond the statute of limitations.

15. Plaintiff immediately believed the balance due was suspicious for the reasons stated above.

16. Plaintiff, having already attempted to resolve this dispute with the original creditor, hired an attorney to represent him on this debt.

17. Within a short time of receiving the letter, on approximately January 30, 2020, and well-within the thirty-day dispute period set forth in Section 1692g, Plaintiff called Defendant as its letter instructed.

Electronically Filed - City of St. Louis - February 03, 2020 - 03:39 PM

18. Defendant confirmed Plaintiff's identity and told Plaintiff his account balance was $4,589.40.

19. This balance was different than the balance provided in the initial collection letter of $6,505.50.

20. At least one balance Defendant provided was incorrect; it was not possible for the collection letter balance and the phone balance to be correct, as they were different amounts.

21. Upon information and belief, neither balance was correct as this debt was discharged in Plaintiff's bankruptcy and his account balance should have been zero.

22. On January 23, 2020, Defendant again attempted to collect the alleged consumer debt from Plaintiff via mail by sending another collection letter to Plaintiff. Plaintiff received this letter on January 31, 2020, which stated a balance of $6,505.50 but contained no due date for payment.

23. Yet again, Plaintiff was provided with a different account balance than the amount alleged to be due and owing during the call. This balance could not be correct along with the phone balance of $4,589.40.

24. Furthermore, upon information and belief, all of these balances provided by Defendant are incorrect as the debt was discharged and the balance due and owing is zero.

25. Plaintiff disputed the debt; specifically, Plaintiff told Defendant that this debt had been discharged in bankruptcy and that he did not believe he owed the debt.

26. Defendant then proceeded to completely ignore Plaintiff's dispute. Defendant told Plaintiff that his debt was not discharged in bankruptcy and that Defendant had conducted a bankruptcy scrub to verify the validity of the debt.

27. This was a collection communication that overshadowed Plaintiff's dispute rights and caused him to believe that Defendant would not honor his right to dispute the debt or that he had no right to dispute the debt. Specifically, Defendant was refusing to acknowledge Plaintiff's right to dispute the debt by saying the debt was not discharged and making it seem as though Plaintiff could do nothing to dispute the debt as Defendant had already verified it.

28. Furthermore, Defendant's statements regarding the "validity" of Plaintiff's debt were extremely misleading because if Defendant had conducted a bankruptcy scrub or other inquiry into the validity of this debt, it would have seen that Plaintiff's debt was discharged.

29. Accordingly, Defendant overshadowed Plaintiff's right to dispute the debt.

30. Plaintiff, feeling as though Defendant would not honor his dispute, indicated that he tought the debt was past the statute of limitations and inquired about the information Defendant had on the age of the account.

31. Defendant told Plaintiff that there was no statute of limitations on the debt.

32. This statement was, at a minimum, misleading. All causes of action have a statute of limitation and saying that this debt did not have one was deceptive. Plaintiff was trying to understand whether the statute of limitations had run on this debt, and Defendant's answer made it seem like the statute of limitations could never run on this debt. Defendant was attempting to make it seem as though Plaintiff had no choice but to pay the debt.

33. Furthermore, Defendant did not provide Plaintiff with any disclosure that a payment would revive the statute of limitations if it had already passed.

34. Upon information and belief, even if such a debt did survive Plaintiff's bankruptcy, the statute of limitations may have already run on Plaintiff's debt.

35. Plaintiff thereafter provided Defendant with the name of his attorney and ended the call.

36. As a result of Defendant's conduct above, Plaintiff felt harassed and frustrated.

37. Furthermore, Defendant caused Plaintiff to suffer the following additional injuries in fact:

   a. Plaintiff has been deprived of his statutorily created right to truthful information about the debt, specifically that Defendant has tried to collect an amount that was not due and owing because it was discharged in his bankruptcy; and

   b. Plaintiff was deprived of his statutory right to dispute the alleged debt.

   c. Plaintiff was forced to retain, and become indebted to, counsel post-bankruptcy for the purpose of getting advice after getting the misleading collection letter.

38. The injuries, in fact, are fairly traceable to the challenged actions of Defendant, in that Defendant engaged in the telephone conversation with Plaintiff.

39. Plaintiff's injuries, in fact, are likely to be redressed by a favorable decision in this Court.

### COUNT I: VIOLATION OF THE FDCPA

40. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

41. In its attempts to collect the alleged debt from Plaintiff, Defendant committed violations of the FDCPA, see 15 U.S.C. §1692 et seq., including, but not limited to, the following:

   a. Falsely representing the character, amount, or legal status of the alleged debt, specifically by trying to collect varying amounts, trying to collect a debt that was

discharged in bankruptcy, by making it seem as though the debt was not discharged in bankruptcy, by making it seem as though Plaintiff's debt had no statute of limitations, by making it seem as though the debt was not time-barred, and by leading Plaintiff to believe this debt could not be disputed. See 15 U.S.C. §1692e; and

      b.    Overshadowing Plaintiff's dispute rights, specifically by making it seem as though Plaintiff could not dispute the debt and that this debt was "valid" when in reality it had been discharged in Plaintiff's bankruptcy. See 15 U.S.C. §1692g.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A.    Judgment that Defendant's conduct violated the FDCPA;

B.    Actual damages in an amount to be determined by the jury;

C.    Statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

D.    For such other relief as the Court may deem just and proper.

Respectfully submitted,

**ROSS & VOYTAS, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr., #52046
rick@rossvoytas.com
Nathan K. Bruns, #71812
bruns@rossvoytas.com
12444 Powerscourt Drive, Ste 370
St. Louis, MO 63131
Phone: (314) 394-0605
Fax:    (636) 333-1212

Attorneys for Plaintiff